UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JACK W. JONES, SR., et al.                                                                                    PLAINTIFFS

v.                                                                            CIVIL ACTION NO. 3:17-CV-00225-CRS

MIDWEST POULTRY SERVICES, LP, et al.                                                        DEFENDANTS

### **MEMORANDUM OPINION**

I.  Introduction

This matter is before the Court on the motion of Raven's Trucking and National Interstate Insurance Company ("Movants") for leave to file an intervening complaint as plaintiffs, ECF No. 10. Defendants did not respond. For the reasons that follow, Movants' motion for leave to file an intervening complaint will be granted.

II.  Background

Plaintiffs Jack W. Jones, Sr. and his wife, Carol, filed suit against Defendants Midwest Poultry Services, L.P., Hi-Grade Egg Producers and Processors Limited Partnership, Hi-Grade Egg Producers & Processors, and CMS Eggs, Inc. originally in Jefferson County, Kentucky Circuit Court. Compl. 1, ECF No. 1-1. Movants moved to intervene in the state court action. Mot. Intervene 2, ECF No. 10. The state court granted that motion on the same day that Defendants removed the case to this Court. St. Ct. Order, ECF No. 10-2; Not. Removal, ECF No. 1. Movants now seek to intervene in the federal case. Mot. Intervene, ECF No. 10.

According to the state court complaint, this case arose when Mr. Jones picked up a trailer that had been pre-loaded and sealed by Defendants from a processing plant in Loda, Illinois.

1

Compl. ¶ 7, ECF No. 1-1. Mr. Jones transported the trailer from Loda to Louisville, Kentucky. *Id.* When Mr. Jones opened the trailer doors at his destination, the loaded cargo fell out of the trailer onto him, seriously injuring him. *Id.* Plaintiffs allege that Defendants negligently and carelessly loaded and failed to secure the cargo, causing Mr. Jones' injuries. *Id.* ¶ 8.

In their proposed intervening complaint, Movants assert that Mr. Jones was working within the course and scope of his employment with Raven's Trucking when he was injured. Intervening Compl. ¶ 3, ECF No. 10-2. Movants also assert that Raven's Trucking retains workers' compensation coverage through National Interstate Insurance Company, which provides workers' compensation benefits payable to or on behalf of its employees, including Mr. Jones. *Id.* ¶ 4.

III.   Analysis

In their motion, Movants argue that Kentucky Revised Statutes § 342.700 gives them the unconditional right to assert claims as subrogee of Mr. Jones and to recover workers' compensation payments that have been made as a result of the subject incident. Mot. Intervene 2, ECF No. 10. Kentucky Revised Statutes § 342.700 states that if an employee is awarded compensation from a third party who is found liable in a civil action, the employer and his insurance carrier may recover from the third party, up to the amount of indemnity payable to the employee. Courts in Kentucky allow employers and insurance carriers to assert their claim for subrogation by intervening in the civil action. *See Clarendon Nat. Ins. Co. v. Vetor*, 165 S.W.3d 484, 488 (Ky. Ct. App. 2005). Although intervention must meet the requirements of Federal Rule of Civil Procedure 24 in federal courts, motions to intervene under Kentucky Revised Statutes § 342.700 are often granted. *See, e.g.*, *Lemaster v. Taylor Indus., LLC*, No. 11-30-ART, 2011 WL

1577808, at *1 (E.D. Ky. Apr. 26, 2011) (citing *Smith Petroleum Serv. v. Monsanto*, 420 F.2d 1103, 1114–15 (5th Cir. 1970)).

Federal Rule of Civil Procedure 24(a) governs intervention of right. Rule 24 provides, in relevant part:

> [o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a). In the Sixth Circuit, a movant must show that (1) the application was timely; (2) the movant possesses a substantial legal interest in the case; (3) the movant's ability to protect its interest will be impaired without intervention; and (4) the existing parties will not adequately represent the movant's interest. *Blount-Hill v. Zelman*, 636 F.3d 278, 283 (6th Cir. 2011). These requirements are all met here.

First, Movants' application was timely. The case was removed to this Court on April 10, 2017. Not. Removal 1, ECF No. 1. Movants moved for leave to file an intervening complaint on April 27, 2017. Mot. Intervene 1, ECF No. 10. This happened before the Rule 26(f) meeting. *See* Report 1, ECF No. 16. Thus, Movants did not delay in moving to intervene, and the timeliness of their intervention does not prejudice any party. Second, Movants have a substantial legal interest in the case. They seek damages as a subrogee. Mot. Intervene 2, ECF No. 10. Third, Movants' ability to protect their interest will be impaired without intervention. Under Kentucky Revised Statutes § 411.188(2), parties with subrogation rights waive those rights if they fail to intervene.[1] Fourth, the existing parties in this action will not adequately represent Movants' interests.

---

[1] The Supreme Court of Kentucky held Kentucky Revised Statutes § 411.188(3) to be unconstitutional in *O'Bryan v. Hedgespeth*, 892 S.W.2d 571 (Ky. 1995). The Court of Appeals of Kentucky subsequently held that the rest of the statute remains in effect. *Gov't Emps. Ins. Co. v. Winsett*, 153 S.W.3d 862, 865 (Ky. Ct. App. 2004).

Movants seek to recover the amount of damages that they have paid and will pay as a result of Mr. Jones' injuries. Intervening Compl. 3–4, ECF No. 10-2. In contrast, Plaintiffs seek to recover physical and mental pain and suffering, medical expenses, lost wages, and loss of consortium. Compl. 6, ECF No. 1-1. Movants also have an interest in an efficient resolution of this case because they stand to recover the amount they have paid, "less the employee's legal fees and expense." Ky. Rev. Stat. Ann. § 342.700. Because all four requirements are met, this Court must permit Movants to intervene in this action.

   IV.   Conclusion

The Court will grant Movants' motion for leave to file an intervening complaint. An order will be issued in accordance with this memorandum opinion.

July 18, 2017

**Charles R. Simpson III, Senior Judge**
**United States District Court**